UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN W. SHORT,

    Plaintiff,

v.                                                         Case No. 3:24cv502-AW-HTC

JOSEPH A. ALLDREDGE,

    Defendant.

_____/

ORDER and
REPORT AND RECOMMENDATION

    Plaintiff Steven W. Short ("Short"), a pretrial detainee proceeding *pro se* and seeking to proceed *in forma pauperis*, Doc. 2,[1] has filed a "Notice of Action," Doc. 1, which the clerk docketed as a complaint under 42 U.S.C. § 1983. Upon review, the undersigned finds this action should be DISMISSED *sua sponte* as frivolous.

    Short is currently incarcerated at the Walton County Jail pending charges for possession of a weapon or ammunition by a convicted felon. *State of Florida v. Short*, 24-CF-206, Circuit Court of the First Judicial Circuit in and for Walton County, Florida.[2] In the Notice of Action, Short names one defendant, Joseph

---

[1] The motion shall be DENIED because it is incomplete and, as set forth herein, this action is frivolous.

[2] According to the electronic docket, https://waltonclerk.com/courtrecords, last accessed October 17, 2024, the circuit court appointed an expert to evaluate Short's competency to stand trial in July 2024. It is unclear whether an evaluation has been conducted or a competency determination made.

Alldredge, the public defender in his pending criminal case. His "Description of Action," in its entirety (and without correction) is as follows:

> Demanded relief in the amount of $13,000,000.00 do to the action of violating Rule 3.314 Time for filing formal charges, for proof pull video footage at (WCJ) on 5/2/24, also violating Rule 3.191, Speedy Trial, speedy trial without Demand, within 175 days of arrest if the crime charged is a felony, along with action § 91.91. False Imprisonment of Steven W. Short.

Doc. 1 at 2.

This action should be dismissed under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, *et seq.*, because it is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B) (directing courts to dismiss a complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief).

First, this is the second time Short has sought to sue Alldredge despite being told on two separate occasions he cannot state a federal claim against Alldredge because public defenders are not state actors for purposes of § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *see also Short v. Alldredge, et al.*, N.D. Fla. Case No. 3:24cv403-LC-HTC, Docs. 7, 12.

Second, the Court also previously told Short he is not entitled to relief under

Florida Rule of Criminal Procedure 3.314,[3] which requires the State to file formal charges against a defendant within 30 days of the defendant's arrest, because Short was arrested on or about March 21, 2024, and an information was filed against him on April 4, 2024, charging him with possession of a weapon or ammunition by a convicted felon. *See State v. Short*, 2024-CF-206. The Court also told Short that violations of a "state's criminal code … do not present federal constitutional violations." *See Cappetta v. Wainwright*, 433 F.2d 1027, 1030 (5th Cir. 1970).

Finally, the Court has repeatedly told Short he *cannot* initiate a civil action by filing a "Notice of Action." *See Short v Alldredge, et al.,* N.D. Fla. Case No. 3:24cv403-LC-HTC; Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); N.D. Fla. Loc. R. 5.7(A) (stating: (1) a *pro se* litigant must file a civil rights complaint on the Court's standard form; and (2) the Court need not—and ordinarily will not—consider a complaint not filed on the proper form). Nonetheless, on October 15, 2024, Short filed at least 4 other "Notices of Action" with this Court.[4]

The PLRA's screening requirement is "sometimes referred to as a frivolity review," and vests district courts "with broad discretion in determining whether to

---

[3] In Short's prior case against Alldredge, he also sued Ashley McCormick and Michael Adkinson, and alleged that McCormick and Adkinson violated Rule 3.314.

[4] Also, Short has attempted to file a "notice of action" on behalf of others, even though he is not a lawyer. *See Allen v. Adkinson*, 3:24cv454-TKW; *LaFountain v. Adkinson*, 3:24cv449-LC; and *O'Neil v. Adkinson*, 3:24cv448-TKW.

dismiss an action as frivolous or malicious . . . ." *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 2716 (2022) (citing *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) (addressing frivolity review in *in forma pauperis* proceedings)). A frivolous action under the PLRA is one lacking "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

There can be no dispute that this action is frivolous. Short has been told he cannot sue a public defender under § 1983. He has been told that he cannot initiate a civil action by filing a notice of action. Nonetheless, Short continues to flood this Court with nonsensical deficient filings that have no basis in law or fact. And, because this action is frivolous, any amendment would be futile. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed.").

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma papueris*, Doc. 2, is DENIED. It is incomplete and this action is frivolous.

And it is also RECOMMENDED:

1. That this case be DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:24cv502-AW-HTC

2.  That the clerk be directed to close the file.

At Pensacola, Florida, this 17th day of October, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.